Ronald T. RASCOP, Respondent,

v.

NATIONWIDE CARRIERS, et al., Relators.

No. 49282.

Supreme Court of Minnesota.

June 8, 1979.

Lommen & Cole and Mark N. Stageberg, Minneapolis, for relators.

Skaar & McCullough and Harvey E. Skaar, Minneapolis, for respondent.

Heard before YETKA, WAHL, and MAXWELL, JJ., and considered and decided by the court en banc.

STEPHEN L. MAXWELL, Justice.*

This is a review by writ of certiorari of a decision of the Workers' Compensation Court of Appeals that a settlement recovery by the employee's wife for loss of consortium is not subrogated to the employer's compensation insurer and cannot be a credit against future compensation payments. We affirm.

Ronald T. Rascop, respondent-employee, a truck driver for Nationwide Carriers, rela-

tor-employer, was in the course of his employment on March 8, 1975, when he was seriously injured in Ohio in a motor vehicle accident. Employee and his wife, Shirley Rascop, sued the tortfeasors in Ohio in United States District Court for personal injuries and loss of consortium, respectively. The employee's attorney agreed to protect the subrogation rights of Excalibur Insurance Company, the employer-insurer, in the Ohio action.

The Ohio tortfeasors were financially irresponsible beyond the limits of their $100,000 liability insurance coverage. Therefore, employee and his wife entered into a proposed settlement of their claims with the tortfeasors for $100,000, although the employee had suffered damages probably far in excess of this amount.

On November 16, 1977, employee's attorney notified Excalibur's attorney in writing of the proposed settlement and stipulated distribution of the settlement proceeds as follows: [1]

| TOTAL SETTLEMENT | $100,000.00 |
|---|---|
| LESS: | |
| Attorney | 33,411.71 |
| Loss of Consortium | 30,000.00 |
| Reimbursement of Excalibur | 21,088.29 |
| Past Pain and Suffering | 15,500.00 |
| CREDIT AGAINST FUTURE COMPENSATION | 0 |

On November 23, 1977, Excalibur's attorney notified employee's attorney in writing of Excalibur's objection to the total settlement and proposed distribution of the settlement proceeds. Excalibur did not make its objections known to the judge of the United States District Court, however, nor did it intervene in the proceedings. On December 6, 1977, the United States District Court approved the settlement.

Thereafter, employee petitioned the Workers' Compensation Division of Minnesota to approve the settlement in accord-

---

* Acting as Justice of the Supreme Court by appointment pursuant to Minn.Const. art. 6, § 2, and Minn.St. 2.724, subd. 2.

1. There is a slight discrepancy between the figures in the proposed settlement, of which relators were notified, and the figures in the actual settlement. The figures quoted above are those of the actual settlement.

ance with Minn.St.1974, § 176.061, subd. 6.[2] He requested that the proceeds be disbursed as follows:

| | |
|---|---|
| TOTAL SETTLEMENT | $100,000.00 |
| LESS: | |
| Attorney's Fees | 33,333.00 |
| Loss of Consortium | 30,000.00 |
| Reimbursement to Excalibur | 21,088.29 |
| One-third (⅓) of balance to Ronald T. Rascop for past pain and suffering | 12,223.00 |
| CREDIT AGAINST FUTURE COMPENSATION | $3,355.71 |

Relators filed an objection to employee's petition, claiming that the allocation of $30,000 to Shirley Rascop for the loss of consortium was arbitrary, and that it was obviously intended to reduce the funds available to relators as a future credit.[3] Relators proposed that the settlement proceeds be divided as follows:

| | |
|---|---|
| TOTAL SETTLEMENT | $100,000.00 |
| LESS: | |
| Attorney's Fees | 21,097.37 |
| One-third (⅓) to employee (free from subrogation) | 26,300.88 |
| Reimbursement to Excalibur | 21,307.89 |
| CREDIT AGAINST FUTURE COMPENSATION | $31,293.86 |

The compensation judge found that Shirley Rascop's recovery for loss of consortium was not available to relators for subrogation, stating that "the Workers' Compensation Division has no jurisdiction or concern over the allocation of said benefits * * ." The judge determined that three-tenths of the attorney's fees allowed should be assigned to the recovery for loss of consortium and approved the division of proceeds as follows:[4]

| | |
|---|---|
| TOTAL SETTLEMENT | $100,000.00 |
| LESS: | |
| Attorney's Fees on $70,000 | 23,388.20 |
| Loss of Consortium (including attorneys fees) | 30,000.00 |
| One-third (⅓) to employee (free from subrogation) | 15,537.27 |
| Reimbursement to Excalibur | 21,080.53 |
| CREDIT AGAINST FUTURE COMPENSATION | $9,994.00 |

Relators appealed the determination of the compensation judge to the Workers' Compensation Court of Appeals, which affirmed, reasoning that it had "no power to alter the order for distribution of the Federal Court and must consider it binding for purposes of credit for third party recovery under the Workers' Compensation Law."

Two issues are before the court on appeal: (1) Is a third-party settlement received by the employee's wife for loss of consortium subject to subrogation by the compensation insurer so that it becomes a credit against future compensation payments? (2) Was that portion of the third-party settlement allocated to the employee's wife for loss of consortium reasonable?

(1) In commenting on *Naig v. Bloomington Sanitation*, 258 N.W.2d 891 (Minn.1977),

---

2. Minn.St.1974, § 176.061, subd. 6, provided as follows:

"Subd. 6. The proceeds of all actions for damages or settlement thereof under section 176.061, received by the injured employee or his dependents or by the employer as provided by subdivision 5, shall be divided as follows:

"(a) After deducting the reasonable cost of collection, including but not limited to attorneys fees and burial expense in excess of the statutory liability, then

"(b) One-third of the remainder shall in any event be paid to the injured employee or his dependents, without being subject to any right of subrogation.

"(c) Out of the balance remaining, the employer shall be reimbursed for all compensation paid under chapter 176.

"(d) Any balance remaining shall be paid to the employee or his dependents, and shall be a credit to employer for any compensation which employer is obligated to pay, but has not paid, and for any compensation that such employer shall be obligated to make in the future.

"There shall be no reimbursement or credit to employer for interest or penalties."

3. Relators raised other objections to employee's proposed division of the settlement proceeds, but only the treatment of the portion allocated to loss of consortium is before this court on certiorari.

4. In addition, the compensation judge concluded that the entire $70,000 recovered by employee was subject to distribution under Minn.St. 176.061, since the $15,500 allocated to pain, suffering, and humiliation by the stipulation would be a component of compensable permanent partial disability.

we said in *Paine v. Water Works Supply Co.,* 269 N.W.2d 725, 729 (Minn.1978):

"* * * In *Naig v. Bloomington Sanitation, supra,* we held that the employer was not entitled to a credit against compensation liability out of an employee's settlement with a third-party tortfeasor where (a) the employer had notice of the settlement negotiations, (b) the settlement compensated only damages to the employee which are not cognizable under the Workers' Compensation Act and are therefore not subject to subrogation by the employer, and (c) the employer's right to maintain an independent action to the full extent of its subrogated claims against the third party were preserved by the third party's admission that the settlement encompassed none of the employer's subrogated interest."

██ Examining the matter now before the court in light of Naig, it is clear that relators are not entitled to a credit against future compensation out of Shirley Rascop's recovery for loss of consortium. First, relators received notice of and objected to the proposed settlement and distribution, but they failed to intervene in the action. Therefore, they have no standing to question the settlement and allocation of the proceeds. *Courtney v. Babel,* 293 Minn. 328, 198 N.W.2d 566 (1972).[5] Second, loss of consortium is not cognizable under the Workers' Compensation Act. *Hartman v. Cold Spring Granite Co.,* 247 Minn. 515, 77 N.W.2d 651 (1956).[6] Third, relators retained their right to subrogation to that part of the settlement that encompassed claims cognizable by the Workers' Compensation Act, and Excalibur obtained full reimbursement of amounts it had previously expended on behalf of employee.

██ (2) The reasonableness of the $30,000 allocation for loss of consortium must be determined in light of the $100,000 total award to the employee and his wife. *Os-*

senfort v. Associated Milk Producers, Inc., 254 N.W.2d 672, 686 (Minn.1977) (where an award of $500,000 for loss of consortium was held not excessive where the injured husband had recovered $1,000,000 for personal injuries). See, *Brocker Manufacturing and Sup. Co. v. Mashburn,* 17 Md.App. 327, 301 A.2d 501 (1973) (where the employee's wife settled her claim for loss of consortium for $140,000, while the employee's claim was settled for $100,000); *Lone v. Esco Elevators, Inc.,* 78 Mich.App. 97, 259 N.W.2d 869 (1977) (where the employee settled his claim for $65,000, and his wife received $60,000 for loss of consortium).

Based on the record before us we find that the apportionment of the settlement recovery for loss of consortium is reasonable and not patently arbitrary.

██ (3) Finally, it is relators' position that, if this court does decide that recovery for loss of consortium is not to be included in computing future credit, the matter should be remanded for an evidentiary hearing in order to avoid an arbitrary division of the settlement proceeds. Relators, however, neither sought an evidentiary hearing before the compensation judge, nor petitioned the Compensation Court of Appeals for a rehearing or a hearing de novo. Moreover, even if relators had requested such a hearing below, the Workers' Compensation Division would have been without authority to modify the amount recovered by Shirley Rascop under the court-approved settlement, since recovery for loss of consortium is not encompassed by the Workers' Compensation Act, and the Division therefore lacked jurisdiction.

Affirmed.

SHERAN, C. J., took no part in the consideration or decision of this case.

---

5. We are aware that employee's attorney agreed to protect the relators' subrogation rights.

6. A wife's cause of action for loss of consortium was first allowed in *Thill v. Modern Erect-*

*ing Co.,* 284 Minn. 508, 170 N.W.2d 865 (1969). Thill, however, expressly preserved the Hartman holding that loss of consortium is not cognizable under the Workers' Compensation Act.