Tamara J. DEARING and Kenneth Dearing, Plaintiffs-Appellants,

v.

Shirley PERRY and William Perry, Defendants,

Commercial Union Insurance Company, Appellee/Cross-Appellant.

No. 65A01–8601–CV–15.

Court of Appeals of Indiana, First District.

Oct. 28, 1986.

Ronald Warrum, Evansville, for plaintiffs-appellants.

Peter G. Tamulonis, Kightlinger & Gray, Indianapolis, Robert P. Musgrave, Kightlinger & Gray, Evansville, for Commercial Union Ins. Co.

RATLIFF, Judge.

## STATEMENT OF THE CASE

The Dearings appeal the trial court's imposition of a lien in favor of Commercial Union Insurance on the proceeds of a tort claim. Commercial Union cross appeals the trial court's award of attorneys' fees. We affirm in part and reverse in part and remand for further proceedings.

## FACTS

Tamara Dearing was injured by a dog while in the course of her employment on May 18, 1983. Her employer had a workmen's compensation policy with Commercial Union Insurance Company (Commercial). Pursuant to the policy, Commercial paid to or on behalf of Mrs. Dearing benefits totaling $63,205.14. On February 10, 1984, Mr. and Mrs. Dearing filed suit in Vanderburgh Superior Court against Shirley and William Perry, the owners of the dog that injured her. Mrs. Dearing sought damages for pain and suffering while Mr. Dearing sought loss of consortium damages. Mrs. Dearing voluntarily dismissed her portion of the complaint without prejudice on March 12, 1984, leaving Mr. Dearing as the only claimant. On March 19, 1984, pursuant to Indiana Code section 22–3–2–13, Commercial filed suit in the Vanderburgh Superior Court against Mr. and Mrs. Perry to assert its subrogation rights to recover amounts paid to Mrs. Dearing.

On January 7, 1985, Mrs. Dearing filed a new action in Vanderburgh Circuit Court against Mrs. Perry. The complaint sought only damages for pain and suffering and disfiguring scars. Mrs. Dearing subsequently venued this case to Posey Circuit Court where it was received on March 7, 1985. On July 15, 1985, the Posey court denied Commercial's motion to intervene in Mrs. Dearing's action. However, the court did order the other parties to keep Commercial advised of the status of the case.

On August 28, 1985, the attorneys for Mrs. Dearing and Mrs. Perry consented to the addition of Mr. Dearing as an additional plaintiff and Mr. Perry as an additional

defendant in the Posey action. Also on that date, the Dearings filed an amended complaint. Again on that date, the parties filed a petition for release and discharge with the Posey Circuit Court. The petition stated that the parties had settled the claim for $50,000.00 as a settlement fund. The $50,000 constituted the Perrys' insurance company's policy limits. Prior to August 28, 1985, Commercial had no notice as to any settlement negotiations.

On September 13, 1985, a number of steps were taken. Commercial filed a "Notice of Lien" asserting its claim to the full amount of the $50,000 settlement pursuant to Ind.Code § 22–3–2–13. Commercial also filed a motion to intervene as of right pursuant to Indiana Rules of Procedure, Trial Rule 24(A). Mrs. Dearing then filed a waiver whereby she attempted to waive her right to any money from the fund and consented to her husband receiving her share. In response, Mr. Dearing filed a motion requesting the court to pay him the $50,000 fund. The Dearings then filed a motion to pay Mr. Ronald Warrum attorney's fees in the amount of one-third (⅓) of the settlement pursuant to their previous contract and Ind.Code § 22–3–2–13. The Posey Circuit Court held a hearing upon all of the foregoing motions. The trial court granted Commercial's motion to intervene and rejected Mrs. Dearing's waiver. As for the $50,000 fund, the court found that the attorney was entitled to $17,000 because of the contract with the Dearings and the statute. The court then split the rest of the fund so that Mr. Dearing would receive $16,000 and Mrs. Dearing would be entitled to $17,000. The court then imposed Commercial's statutory lien on all of Mrs. Dearing's proceeds.

Both the Dearings and Commercial perfected appeals on issues involving the trial court's division of the settlement.

## ISSUES

1. Should a workmen's compensation insurance carrier be entitled to proceeds awarded through a settlement to an injured employee from the third party tortfeasor when the employee's suit was solely for pain and suffering and when the carrier still has subrogation rights to sue the third party for compensation paid by the carrier?

2. Can the spouse of an injured employee recover for loss of consortium from a settlement in which the employer was not a party?

3. Should the trial court have awarded attorney's fees to the employee's attorney?

## DISCUSSION AND DECISION

### Issue One

At the outset, we must decide whether a workmen's compensation insurance carrier can enforce its statutory lien on the injured party's award through settlement or litigation which encompasses only pain and suffering. The Dearings argue that Commercial is not entitled to the amount she receives for pain and suffering because Commercial was not responsible to compensate her for the pain and suffering she endured as a result of her injury. Although the Dearings are correct in their assertion that Commercial never paid benefits for her pain and suffering, we hold that the Indiana statute precludes their argument.

Indiana Code section 22–3–2–13 provides that if the injured employee receives workmen's compensation benefits and institutes legal proceedings against the third-party tortfeasor, "the employer or the employer's compensation insurance carrier shall have a lien upon *any* settlement award, judgment or fund out of which the employee might be compensated from the third party." (Emphasis added). The key word in this provision is the word "any". The legislature did not distinguish between amounts recovered for which the insurance carrier is responsible such as medical expenses and amounts recovered for which the carrier is not responsible such as pain and suffering. The statute is clear that the carrier's lien applies to all amounts recovered by Mrs. Dearing.

■ Our holding follows the majority view in the United States that the work-

men's compensation carrier's statutory lien applies to any amounts recovered by the injured employee from the third-party tortfeasor. *United States v. Lorenzetti* (1984), 467 U.S. 167, 104 S.Ct. 2284, 81 L.Ed.2d 134; *Ellis v. Kenworth Motor Truck Co.* (N.D.Tex.1979), 466 F.Supp. 441 (applying Texas law); *Hendry v. Industrial Commission* (1975), 112 Ariz. 108, 538 P.2d 382, *cert. denied,* 424 U.S. 923, 96 S.Ct. 1133, 47 L.Ed.2d 332 (1976); *Sommers v. Hartford Accident and Indemnity Co.* (1955), Kan. App., 277 S.W.2d 645; *Stewart v. Hanover Insurance Co.* (1982), La.App., 416 So.2d 286; *Perry v. Hartford Accident and Indemnity Co.* (1984), Me., 481 A.2d 133; *Pelkey v. Elsea Realty and Investment Co.* (1975), 394 Mich. 485, 232 N.W.2d 154; *Tarr v. Republic Corp.* (1976), 116 N.H. 99, 352 A.2d 708; *In re Travaglione's Estate* (1962), 36 Misc.2d 645, 232 N.Y.S.2d 961; *Bumbarger v. Bumbarger* (1959), 190 Pa. Super. 571, 155 A.2d 216. *Contra Dighton v. Martin* (1935), 4 Cal.App.2d 401, 41 P.2d 197; *Mastin v. Liberal Markets* (1984), Ky., 674 S.W.2d 7. As Professor Larson notes:

> "[I]t is quite clear, as the cases now stand, that the prevailing rule in the United States refuses to place an employee's third-party recovery outside the reach of the employer's lien on the ground that some or all of it was accounted for by damages for pain and suffering. Indeed, this result has been reached even when the employee had taken the trouble to put his pain and suffering claim into a separate suit."

2A A. Larson, *The Law of Workmen's Compensation* ¶ 74.35, at 14–476 through 14–478 (1983). In addition to the rationale that the statutory language is clear that the lien applies to "any" or "all" amounts received, another rationale expressed by the courts is to preclude collusion between the employee and tortfeasor in arbitrarily apportioning the settlement in an attempt to evade the statutory lien. *E.g. Bumbarger,* at 576, 155 A.2d at 218–19. Therefore, we hold that if Mrs. Dearing's first suit

had gone to fruition, any amounts recovered for pain and suffering would have been subject to Commercial's statutory lien.

The Dearings argue that the result changes in the facts of this case. They allege that when Commercial filed a subrogation suit against the third-party tortfeasor for medical expenses paid to Mrs. Dearing after Mrs. Dearing's first suit was dropped, Mrs. Dearing's second suit for pain and suffering was not subject to Commercial's lien. The Dearings argument rests upon what they call "splitting the cause of action" under the fifth paragraph of Ind.Code § 22–3–2–13 which provides as follows:

> "If, after the [employee's] proceeding is commenced, it is dismissed, ... the employer's compensation insurance carrier, having paid compensation or having become liable therefor, may collect in their own name, or in the name of the injured employee, ... from the other person in whom legal liability for damages exists, the compensation paid or payable to the injured employee, ... plus medical, surgical, hospital and nurses services and supplies, ...."

They argue that since Commercial's suit was solely for medical expenses and since Mrs. Dearing's second suit was only for pain and suffering, Commercial should not have a lien on any settlement fund because they are fully protected by their own subrogation suit against the tortfeasor.[1]

We find nothing in the statute which supports this novel argument. The carrier lien provision does not distinguish between a carrier who does or does not have a pending subrogation suit. The lien applies to "any settlement fund." We thus hold that the statute's two methods to compensate the insurance carrier, subrogation and lien rights, are cumulative, not alternative. Therefore, the statutory lien provided for by Ind.Code § 22–3–2–13 applies to

**1.** The Dearings ignore the fact that the only apparent asset to recover from is the $50,000

fund which is the insolvent tortfeasor's liability insurance policy limit.

Mrs. Dearing's settlement even though Commercial still had subrogation rights.[2]

*Issue Two*

Commercial argues that Mr. Dearing's claim for loss of consortium must fail since Mrs. Dearing's injuries were not fully compensated. Commercial argues that since loss of consortium is a derivative action, it is inferior to the primary claim. We disagree. Although loss of consortium is a derivative action, it is still separate and independent from the primary action. *Board of Commissioners v. Nevitt* (1983), Ind.App., 448 N.E.2d 333, 340–42, *trans. denied.* "[T]he claim for loss of consortium will be barred only when the injured spouse's claim is completely invalid." *Id.* at 341. Therefore, Mr. Dearing's claim does not fail just because Mrs. Dearing was not fully compensated.

The trial court's award of $16,000 to Mr. Dearing was improper for a different reason. The Dearings and the third-party tortfeasor negotiated the $50,000 settlement behind Commercial's back. Commercial was first notified of the settlement when the $50,000 was paid into court. Commercial had no opportunity to negotiate the allocation between Mrs. Dearing's primary claim and Mr. Dearing's loss of consortium action. This was important because any amounts allocated to loss of consortium are not subject to the insurance carrier's lien. *DeMeulenaere v. Transport Insurance Co.* (1983), 116 Wis.2d 322, 342 N.W.2d 56; *cf. Rosander v. Copco Steel and Engineering Co.* (1982), Ind.App., 429 N.E.2d 990, 991–92, *trans. denied.* We hold that a husband and wife and a third-party cannot negotiate a settlement in which the employer's insurer is not a party whereby a substantial portion of the total amount is allocated to loss of consortium. If we were to allow this, the statutory lien provision would be completely evaded. The same would result if we were to allow a husband and wife to execute an agreement among themselves as to how to allocate a lump sum settlement fund such as the Dearings attempted to do. In either of these situations the arbitrary allocation should be given no effect. Only where the issue is fully and fairly tried before an impartial fact finder or where the insurance carrier is invited to participate in settlement negotiations will such an allocation be given legal effect as to portions subject to the carrier's lien. *See Mastin,* at 13–14.

Neither situation was present in the case under consideration. First, Commercial was unaware of negotiations between the Dearings and the third-party tortfeasor. Second, the trial court simply ratified the Dearings' allocation between the primary claim and the derivative claim. The trial court did not independently determine how to allocate the $50,000 fund.

Since the $16,000 allocation to Mr. Dearing is of no legal effect, that portion must be allocated to Mrs. Dearing subject to Commercial's lien. Therefore, the entire settlement of $50,000 is attributable to Mrs. Dearing.

*Issue Three*

The eighth paragraph of Ind.Code § 22–3–2–13 provides for a pro rata distribution of attorney's fees. If the employee recovers from the tortfeasor, the employer's insurance carrier must "pay a fee of thirty-three and one-third per cent (33⅓%), if collected with suit, of the amount of benefits after deduction of costs and reasonably necessary expenses in connection with the third party claim action or suit." The obvious purpose of this provision is to deny the employer's insurer from reaping benefits through the statutory lien without paying for the employee's efforts in obtaining a recovery.

Commercial asserts that it is not responsible for the Dearings' attorney's fees despite the statute. Commercial claims that it received absolutely no benefit from the Dearings' attorney's efforts since Commer-

---

**2.** The Dearings' reliance upon Minnesota cases to the contrary is misplaced as the Minnesota statute does not provide for a lien; their statute only grants subrogation rights to the insurer.

cial had to hire its own attorney to instigate the subrogation suit against the tortfeasor. Commercial alleges that the Dearings' attorney attempted to thwart the statutory lien through a multitude of legal maneuvers and acted with unclean hands. According to Commercial, the legislative purpose behind the attorney's fees provision would be frustrated if we were to allow the attorney's fees.

■ Although we agree with Commercial that the Dearings' attorney apparently was attempting to avoid Commercial's lien, we also note that the attorney's duty was to his clients, the Dearings, not to Commercial. He therefore did not act with "unclean hands" as Commercial asserts. Furthermore, the statute is silent as to whether the insurer's liability to pay attorney's fees ceases upon filing a subrogation suit. Therefore, we hold that the Dearings' attorney is entitled to a portion of the $50,000 settlement fund. We accept the trial court's determination of costs and expenses in the amount of $333.00. Under the statute, this must be subtracted from the $50,000.00 fund leaving $49,667.00. One-third of $49,667.00 is $16,555.67. Therefore, the Dearings attorney is entitled to $333.00 plus $16,555.67, or $16,888.67. The balance of $33,111.33 is attributable to Mrs. Dearing. However, Commercial's lien is against Mrs. Dearing's entire recovery so that Commercial will get $33,111.33.

Therefore, we affirm the trial court's order of attorney's fees with the correction as to the amount. We reverse the trial court's finding on the amount attributable to Mrs. Dearing and hold that $33,111.33 is subject to Commercial's lien. We remand with instructions to correct the judgment consistent with this opinion. Commercial is responsible for one-third of the court costs while the Dearings are responsible for the remaining two-thirds.

ROBERTSON, P.J., and NEAL, J., concur.