(No. 63542.—

WILLIAM F. PAGE, Appellant, v. GENE HIBBARD *et al.* (The Illinois Department of Law Enforcement for the use of the People of the State of Illinois, Appellee).

*Opinion filed November 16, 1987.—Rehearing denied February 2, 1988.*

Raymond Lee, Jr., of Lee & Lee, Ltd., of Tuscola, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart and Shawn W. Denny, Solicitors General, and Patricia Rosen and Rosalyn B. Kaplan, Assistant Attorneys General, of Chicago, of counsel), for appellee.

JUSTICE WARD delivered the opinion of the court:

The plaintiff, William F. Page, brought an action in the circuit court of Douglas County against the defendants, Gene Hibbard and Freda Brookmeyer, to recover for personal injuries sustained in an automobile collision which occurred in the course of his employment by the Illinois Department of Law Enforcement (Department). The Department intervened in the action, claiming a lien under section 5(b) of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1985, ch. 48, par. 138.5(b)) on the' ground that it had paid the plaintiff $42,495.39 in workers' compensation benefits and that under section 5(b) it was entitled to be reimbursed out of any judgment or settlement that the plaintiff obtained from the defendants. When the plaintiff and his wife, Barbara, who was not a party to the action, agreed upon a settlement with the defendants for $24,000, the Department filed a motion for summary judgment, claiming that its lien attached to the entire amount of the settlement. The trial court denied the motion, holding that Barbara Page was entitled to one-half of the settlement proceeds and that the Department should be awarded the balance. The ap-

44

pellate court reversed (142 Ill. App. 3d 788), holding that the Department should be awarded the entire $24,000, and we granted the plaintiff's petition for leave to appeal under Supreme Court Rule 315 (107 Ill. 2d R. 315(a)).

On May 2, 1981, while acting in his employment as a trooper of the Illinois Department of Law Enforcement, the plaintiff, William Page, was injured when a car driven by the defendant, Gene Hibbard, collided with his patrol car. The plaintiff brought an action in the circuit court of Douglas County against Hibbard and the owner of the car Hibbard was driving, Freda Brookmeyer. The Department intervened in the action, claiming the described lien in the amount of $42,495.39 on the proceeds of any settlement or judgment the plaintiff might obtain from the defendants. The Department alleged that it had paid the plaintiff that amount in workers' compensation benefits as a result of his injury in the accident, and that pursuant to section 5(b) it had a right to be reimbursed for those payments out of any recovery the plaintiff might secure from the defendants.

Section 5(b) of the Workers' Compensation Act provides in part:

"(b) Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid

or to be paid by him to such employee or personal representative including amounts paid or to be paid pursuant to paragraph (a) of Section 8 of this Act.

\*\*\*

If the injured employee or his personal representative agrees to receive compensation from the employer or accept from the employer any payment on account of such compensation, or to institute proceedings to recover the same, the employer may have or claim a lien upon any award, judgment or fund out of which such employee might be compensated from such third party." Ill. Rev. Stat. 1985, ch. 48, par. 138.5(b).

The plaintiff and his wife, Barbara, who was not a party to the action, reached a settlement with the defendants under which they agreed to release the defendants from all claims arising from the collision, including Mrs. Page's claim for loss of consortium, in consideration for $24,000, the limits of the defendants' liability insurance policy. In the terms of the release, $12,000 was designated as payment for Mrs. Page's claim for loss of consortium, $6,000 as payment for Mr. Page's pain and suffering and the balance as payment to Mr. Page for "all other elements of damage." The Department consented to the release (see Ill. Rev. Stat. 1985, ch. 48, par. 138.5(b)) but objected to the proposed distribution of the proceeds and filed a motion for summary judgment, claiming that it should be awarded the entire $24,000. The Department claimed that its lien attached to the entire recovery, notwithstanding the terms of the release.

The circuit court denied the Department's motion, holding that Mrs. Page was entitled to $12,000 in consideration of the release of her claim for loss of consortium. The court rejected the plaintiff's assertion that he was entitled to $6,000 for pain and suffering pursuant to the terms of the release and awarded the Department the remaining $12,000. (The plaintiff had agreed that the

Department was entitled to the balance of the settlement, *viz.*, $6,000.) The appellate court reversed, holding that the Department was entitled to all of the settlement proceeds. The court stated that "the legislature intended to allow an employer's lien [under section 5(b) of the Workers' Compensation Act] to attach to any money recovered from a third-party tortfeasor as a result of an employee's injury *** regardless of to whom the money is paid." 142 Ill. App. 3d 788, 795.

The plaintiff contends that the appellate court erred in holding that the Department's lien attached to all of the settlement proceeds. He argues that an employer's right to be reimbursed for compensation paid under the Act to an injured employee is limited to that part of the employee's recovery from the third-party tortfeasor that represents payment for those elements of damages that are compensable under the Act, such as lost wages or medical expenses (see Ill. Rev. Stat. 1985, ch. 48, par. 138.8). Therefore, he contends, because the Department is not required under the Act to compensate him for pain and suffering or his spouse for loss of consortium, the Department cannot properly claim a lien on that part of the settlement proceeds that were intended to compensate him and his wife for those damages.

In construing statutory provisions, it is axiomatic that the court must "ascertain and give effect to the legislative intent." (*People v. Maya* (1985), 105 Ill. 2d 281, 287; *Gill v. Miller* (1983), 94 Ill. 2d 52, 56.) If the legislative intent can be determined from unambiguous language of the statute, that intent will be given effect without necessity of resort to aids of construction. (*Franzese v. Trinko* (1977), 66 Ill. 2d 136, 139; *Western National Bank v. Village of Kildeer* (1960), 19 Ill. 2d 342, 350.) Where a statute is clear and unambiguous a court must enforce it according to its terms. *Nordine v. Illinois Power Co.* (1965), 32 Ill. 2d 421, 428.

Section 5(b) of the Workers' Compensation Act states that an employee who has received compensation under the Act is required to reimburse the employer from "the amount received" from the third party tortfeasor and that the employer may claim a lien "upon any award, judgment or fund" from which the employee recovers from the third party. There is nothing in the statute that suggests a limitation on the employee's obligation of reimbursement from the third-party recovery. On the contrary, the plain language of the statute grants the employer a right of reimbursement out of any recovery without regard to the type of damages the employee receives payment for in the third-party action. This court stated in *Ullman v. Wolverine Insurance Co.* (1970), 48 Ill. 2d 1: "To the extent that workmen's compensation benefits have been received, the obligation of reimbursement exists regardless of the amount recovered or the total damages sustained by the injured employee." 48 Ill. 2d at 7-8.

We hold, as the majority of courts have held in interpreting similar provisions in workers' compensation statutes, that an employer who has paid compensation to an injured employee under the Act is entitled to be reimbursed from the entire third-party recovery by the employee, though some or all of the recovery is compensation for damages which are not compensable under the Act, such as pain and suffering. See 2A A. Larson, The Law of Workmen's Compensation §74.35, at 14–476 (1982).

We consider, however, that the appellate court erred in holding that the Department was entitled to be reimbursed from that portion of the settlement proceeds which compensated Mrs. Page for loss of consortium. The statute grants the employer a right of reimbursement out of "the amount received by such employee" in an action "brought by the injured employee or his per-

sonal representative" in the amount of workers' compensation benefits paid to the employee or his personal representative. The Department paid no compensation to Mrs. Page for loss of consortium and was not required to under the Act. Too, an action for loss of consortium is not a derivative claim brought by the spouse as the personal representative of the employee, but is an independent action to recover for injuries the spouse has suffered, such as loss of support and loss of society. (See *Brown v. Metzger* (1984), 104 Ill. 2d 30, 38; *Hammond v. North American Asbestos Corp.* (1983), 97 Ill. 2d 195, 208-09.) The Department's lien under section 5(b) of the Workers' Compensation Act did not attach to that portion of the settlement proceeds designated as a settlement of Mrs. Page's claim for loss of consortium. Our holding is in accord with decisions of the majority of courts that have addressed this question under similar provisions of other workers' compensation statutes. See *Eisner v. Hertz Corp.* (1980), 381 Mass. 127, 133-34, 407 N.E.2d 1286, 1290; *Rascop v. Nationwide Carriers* (Minn. 1979), 281 N.W.2d 170, 173; *Dearing v. Perry* (Ind. App. 1986), 499 N.E.2d 268, 272; *DeMeulenaere v. Transport Insurance Co.* (Wis. App. 1983), 116 Wis. 2d 322, 328, 342 N.W.2d 56, 59; *Treadeaue v. Wausau Area Contractors, Inc.* (1982), 112 Mich. App. 130, 135, 316 N.W.2d 231, 234; *Brocker Manufacturing & Supply Co. v. Mashburn* (1973), 17 Md. App. 327, 340, 301 A.2d 501, 508.

The plaintiff contends that permitting the Department to be reimbursed out of that part of the third-party recovery which was intended to compensate him for pain and suffering violates his due process and equal protection rights under the Constitution of the United States and the Constitution of Illinois. The plaintiff asserts that since he can receive no compensation for pain and suffering under the Act, the State cannot constitutionally

deprive him of his right to "bargain for, fix and settle his claim" for that element of damage from the third-party tortfeasor. There is no substance to the contention. It does not consider that section 5(b) does not preclude an injured employee from recovering damages from the third-party tortfeasor that were not compensable under the Act. Thus, if the employee obtains compensation under the Act he may bring an action against the third-party tortfeasor to recover for all his damages, and the employee may recover those elements of damage not compensable under the Act. It is only when the third-party recovery is not sufficient to compensate the employee for all his damages, as is the case here, that the employee is precluded from recovering those damages not compensable under the Act. In that case, section 5(b) simply requires the plaintiff to apply the proceeds of the third-party recovery first to those damages for which he is assured compensation under the Act and then apply the surplus to those damages that are not recoverable as workers' compensation. Requiring an injured employee to structure a settlement in this manner is not repugnant to the guarantees of due process or equal protection. That the employee is assured compensation from the employer under the Act, though the employer might not be responsible for causing the employee's injuries, warrants the legislature in giving priority to the employer's right of reimbursement over the common law recovery interest of the injured employee. This court observed in *Moushon v. National Garages, Inc.* (1956), 9 Ill. 2d 407, 412:

> "By the Workmen's Compensation Act, the legislature required the employer to give up certain defenses and required the employee to give up certain recoverable elements of damage of a common-law negligence action; and this we have held many times is a reasonable exercise of the legislature's police power for the promotion of the

general welfare. [Citations.] This court has never considered one to have such a vested right in the common-law rules governing negligence actions as to preclude the legislature from substituting a statutory remedy of this type for the common-law remedy." (9 Ill. 2d at 412.)

See also *Duley v. Caterpillar Tractor Co.* (1969), 44 Ill. 2d 15, 19.

Under section 5(b) of the Workers' Compensation Act, the Department is entitled to reimbursement for the workers' compensation benefits it paid to the plaintiff out of that portion of the plaintiff's third-party recovery that was designated as compensation for pain and suffering but not out of that portion allocated to Mrs. Page's claim for loss of consortium.

The Department contends further that its right to reimbursement cannot be measured by an agreement between the plaintiff and the third-party tortfeasor as to what part of the settlement shall be considered to be the recovery for loss of consortium. It says, citing *Dearing v. Perry* (Ind. App. 1986), 499 N.E.2d 268, 272, that the value of Mrs. Page's claim for loss of consortium must be determined by an independent, impartial trier of fact. The trial court here simply ratified the allocation of the settlement; the record does not disclose any discussion by the trial court whether Mrs. Page's stipulated recovery on her claim for loss of consortium was fair and reasonable in light of the total settlement. We will remand to the trial court for its consideration of whether the amount allocated to Mrs. Page's recovery for loss of consortium is proper. See *Rascop v. Nationwide Carriers* (Minn. 1979), 281 N.W.2d 170, 173; *DeMeulenaere v. Transport Insurance Co.* (Wis. App. 1983), 116 Wis. 2d 322, 327, 342 N.W.2d 56, 60; *Mastin v. Liberal Markets* (Ky. 1984), 674 S.W.2d 7, 13; *Bumbarger v. Bumbarger* (1959), 190 Pa. Super. 571, 575-78, 155 A.2d 216, 218-19.

For the reasons given, the judgment of the appellate court is affirmed in part and reversed in part and the cause is remanded to the circuit court with directions.

*Reversed in part;*
*affirmed in part;*
*cause remanded.*