BRIAN DUGGAN, Plaintiff-Appellee, v. BUILDERS ASSOCIATES, INC., *et al.*, Defendants (Builders Associates, Inc., Defendant-Appellee; Cigna Insurance Company of Illinois, Intervening Petitioner-Appellant).

First District (6th Division)   No. 1—94—0598

Opinion filed March 31, 1995.

Francis William Golden, of Chicago, for appellant.

Hinshaw & Culbertson, of Chicago, for appellees.

JUSTICE RAKOWSKI delivered the opinion of the court:

After Brian Duggan (Duggan) was injured while working for a subcontractor (Leveltech) on a project where Builders Associates, Inc. (Builders), was the general contractor, he filed an application for adjustment of claim pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 1992)). Because Duggan's employer did not have workers' compensation insurance, Builder's workers' compensation carrier, Cigna Insurance Company of Illinois (Cigna), paid Duggan $76,057.38 in workers' compensation benefits. Duggan subsequently filed a Structural Work Act (740 ILCS 150/1 *et seq.* (West 1992)) negligence action against Builders. Cigna sought to intervene in the action, requesting reimbursement from any verdict or settlement in Duggan's favor. The circuit court found that Cigna was not entitled to reimbursement from Builders and dismissed the action pursuant to a settlement between all of the parties except Cigna. Cigna appeals, claiming that the circuit court erred in ruling that Cigna was not entitled to reimbursement from the proceeds of the settlement and in dismissing the suit without requiring that the lien of Cigna be indemnified or protected by court order. We agree, and for the following reasons, we reverse and remand.

Duggan's Structural Work Act/negligence action was filed against Builders, Leveltech, Level Construction, Inc. (Level), and James Duggan. Builders filed a third-party contribution action against Leveltech, Level, James Duggan and the Vitkauskas defendants (Jim Vitkauskas and Jim Vitkauskas Insurance Agency, Leveltech's insurance agent). After Cigna filed its petition to intervene seeking reimbursement for the compensation paid to Duggan, attorneys for Pekin Insurance Company (Pekin), Builder's general liability carrier, moved to strike the petition[1] on the grounds that Cigna could not recover compensation benefits from its own insured. The trial court denied Pekin's motion but also found that Cigna had no right of reimbursement from the funds of the settlement or verdict against Builders.

On January 7, 1994, Pekin filed a motion to dismiss Duggan's suit based on a settlement reached with all of the parties except Cigna. As part of the settlement, Builders agreed to pay Duggan $130,000, and James Duggan, Leveltech, and Level agreed to pay

---

[1]At this point we deem that a statement of explanation is appropriate. As previously stated, Cigna is Builder's workers' compensation carrier and Pekin is Builder's comprehensive general liability carrier. Both Cigna and Pekin subrogate to the rights of Builders and each claims to be acting on behalf of Builders. Accordingly, because we view the dispute as between carriers, we will hereafter refer to the respective positions as Cigna and Pekin.

Duggan $10,000. The Vitkauskas parties agreed to pay $4,000. The $14,000 paid by Leveltech, Level, Duggan, and the Vitkauskas parties was to be paid directly to Cigna upon obtaining releases from Cigna. Because Cigna was not offered the full amount it paid to Duggan in compensation benefits, it refused to accept the settlement amount. The trial court dismissed the case without requiring that the lien of Cigna be indemnified or protected by court order.

## OPINION

Because Duggan's employer did not have workers' compensation insurance, Builders as the "statutory employer" was required to provide insurance pursuant to section 1(a)(3) of the Act, which provides in relevant part:

> "Any one engaging in any business or enterprise *** is liable to pay compensation to his own immediate employees in accordance with the provisions of this Act, and in addition thereto if he directly or indirectly engages any contractor whether principal or sub-contractor to do any such work, he is liable to pay compensation to the employees of any such contractor or sub-contractor unless such contractor or sub-contractor has insured, in any company or association authorized under the laws of this State to insure the liability to pay compensation under this Act, or guaranteed his liability to pay such compensation." (820 ILCS 305/1(a)(3) (West 1992).)

However, Cigna contends that it is entitled to reimbursement from the proceeds of any award or settlement arising from the Structural Work Act/negligence action under section 5(b) of the Act, which provides in relevant part:

> "Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative including amounts paid pursuant to Paragraph (a) of Section 8 of this Act.
> ***

If the injured employee or his personal representative agree to receive compensation from the employer or accept from the employer any payment on account of such compensation, or to institute proceedings to recover the same, the employer may have or claim a lien upon any award, judgment or fund out of which such employee might be compensated from such third party." 820 ILCS 305/5(b) (West 1992).

See also *Page v. Hibbard* (1987), 119 Ill. 2d 41, 518 N.E.2d 69.

Pekin acknowledges that the purpose of section 5(b) is to protect the employer and provide reimbursement if the employee recovers from a third party but argues that Cigna refused to accept the reimbursement of $14,000 offered to it by the parties other than its own insured when the settlement was negotiated. However, as Cigna indicates, the tender of $14,000 does not fully indemnify Cigna for the amount of benefits paid and does not satisfy the reimbursement requirements of section 5(b).

Pekin also argues that Cigna is trying to enforce Builders' rights against Builders, which is contrary to the language and purpose of section 5(b) of the Act. Pekin claims that to allow Cigna reimbursement would deny Builders the benefits of the policy it purchased. Because Builders paid Cigna a premium for workers' compensation insurance, allowing Cigna to obtain reimbursement from settlement funds paid on behalf of Builders would negate the coverage Builders purchased from Cigna. Cigna responds that it is attempting to enforce its reimbursement rights against Duggan rather than Builders. Cigna also states that its receipt of reimbursement would not negate the workers' compensation coverage that Builders purchased because Cigna defended and protected Builders through all parts of Duggan's claim for workers' compensation benefits and then paid benefits to Duggan on Builder's behalf.

Pekin further argues that Cigna is attempting to enforce, through subrogation, reimbursement of a loss from its own insured. In support of its argument, Pekin cites to the workers' compensation policy, which states:

"We have your rights, and the rights of persons entitled to the benefits of this insurance, to recover our payments from anyone liable for the injury."

Thus, the right to which Cigna may be subrogated pursuant to the policy is derivative of the rights possessed by Builders and its employees in a tort suit against third parties. According to Pekin, the policy does not provide that Cigna has a right to collect monies from its own insured.

Pekin cites *Dix Mutual Insurance Co. v. LaFramboise* (1992), 149

Ill. 2d 314, 597 N.E.2d 622, in support of its argument that an insurer cannot seek reimbursement from its own insured. In *Dix Mutual Insurance Co.*, LaFramboise rented a house from A.S. Ludwig, who maintained fire insurance with Dix Mutual. During the term of his lease, LaFramboise caused a fire while stripping paint from the exterior of the house. The insurance company paid Ludwig for the fire loss and filed a subrogation action against LaFramboise to recover the amount paid. The supreme court held that an insurer may not subrogate against its own insured or any person or entity which has the status of coinsured under the policy. (*Dix Mutual Insurance Co.*, 149 Ill. 2d at 322-23.) Under similar facts, the court in *McGinnis ex rel. C.I.E. Service Corp. v. LaShelle* (1988), 166 Ill. App. 3d 131, 519 N.E.2d 699, held that no right of subrogation can arise in favor of an insurer against its own insured or coinsured. *McGinnis ex rel. C.I.E. Service Corp.*, 166 Ill. App. 3d at 135. See also *Reich v. Tharp* (1987), 167 Ill. App. 3d 496, 521 N.E.2d 530.

Pekin also cites *Briseno v. Chicago Union Station Co.* (1990), 197 Ill. App. 3d 902, 557 N.E.2d 196, in support of its argument that Cigna cannot seek reimbursement from its own insured, Builders. Briseno was an employee of NWC, a demolition company which was doing demolition work pursuant to a contract with Chicago Union. NWC had purchased an insurance policy with Bituminous, naming Chicago Union as an additional insured. Briseno was killed while working on the project, and his estate filed suit against Chicago Union, which then filed a third-party complaint for contribution against NWC. Prior to trial, Chicago Union and Briseno's estate entered into a settlement which Bituminous paid on behalf of Chicago Union. After the settlement, the court dismissed the contribution action. This court affirmed the dismissal, holding that because the insurance policy purchased by NWC fully protected Chicago Union and indemnified it against all loss, the intent and purpose of the contract between Chicago Union and NWC had been carried out. To allow Bituminous through Chicago Union to seek an additional recovery from NWC would allow Chicago Union to recover twice for the same loss and allow Bituminous to manipulate the action so that the party that purchased the policy and paid the premium bore the loss. *Briseno*, 197 Ill. App. 3d at 907.

Although each of the cases cited by Pekin addresses the issue of whether an insurance carrier could seek reimbursement from one of its insured, all are factually dissimilar to the case *sub judice*. In this case, Cigna is seeking reimbursement from Duggan rather than Builders, which is its insured. In addition, none of the cases involve

the issue presented in the instant case, where a workers' compensation carrier has a statutory right to reimbursement under the Act for benefits it has paid on behalf of its insured but where its insured as a statutory employer is subject to a common law or statutory action for damages.

■ While Cigna claims a right to reimbursement under section 5(b) of the Act, Pekin claims a right to set off the settlement amount based on the language in *Laffoon* which states that "the general contractor who is found liable based upon a common law or statutory cause of action, may set off from the award the amount of compensation benefits he has previously paid to the employee."[2] (*Laffoon v. Bell & Zoller Coal Co.* (1976), 65 Ill. 2d 437, 447, 359 N.E.2d 125.) However, what Pekin did not address was that *Laffoon* actually stated that the general contractor has a right of indemnification against the *uninsured subcontractor* and that if the subcontractor is insolvent, the general contractor can set off from the award (common law or statutory action) the amount of paid compensation benefits. In the instant case, the solvency of the subcontractor and the question of whether Pekin sought indemnification from it was never addressed. Therefore, any claim that Pekin might have to the settlement amount is premature. Cigna, however, has an existing absolute right to reimbursement for the workers' compensation benefits which it paid to Duggan pursuant to section 5(b) of the Act. Section 5(b) also provides in relevant part that after intervention:

> "[A]ll orders of court after hearing and judgment shall be made for his [the employer and his compensation carrier's] protection. No release or settlement of claim for damages by reason of such injury or death, and no satisfaction of judgment in such proceedings shall be valid without the written consent of both employer and employee or his personal representative, except in the case of the employers, such consent is not required where the employer has been fully indemnified or protected by Court order." (820 ILCS 305/5(b) (West 1992).)

As such, the trial court erred in ordering that Cigna could not seek reimbursement from the proceeds of the settlement and in failing to indemnify or protect Cigna's lien by allowing Duggan's suit to be dismissed without Cigna's consent.

---

[2]Thus, as previously stated, the dispute is between Cigna and Pekin. Cigna makes a claim to recoup the $76,057.38 it paid to Duggan. Pekin resists Cigna's claim, contending that it is entitled to reduce by $76,057.38 the amount it agreed to pay Duggan in settlement.

For these reasons, we reverse and remand for further proceedings.

Reversed and remanded.

McNAMARA, P.J., and ZWICK, J., concur.[3]

---

[3]Justice Gus P. Giannis participated in oral argument before reassignment to the circuit court. Justice Morton Zwick was substituted on the panel and has listened to the oral argument tape and has read the briefs.