THOMAS FUGATE *et al.*, Plaintiffs-Appellees, *v.* RONALD URBAN, d/b/a RON's RONDA-VU, *et al.*, Defendants-Appellees—(SISTERS OF THE THIRD ORDER OF ST. FRANCIS, d/b/a ST. FRANCIS HOSPITAL, Intervenor-Petitioner and Appellant.)

(No. 73-114;

Third District—December 19, 1973.

Denis J. Weber, of Heyl, Royster, Voelker & Allen, of Peoria, for appellant.

E. Richard Johnson and Kavanagh, Scully, Sudow, White & Frederick, both of Peoria (Gary L. Clark, of counsel), for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Peoria County which denied Appellant, St. Francis Hospital, the right to

intervene in a dram shop action brought by Appellees, Thomas Fugate and Eva Fugate. Plaintiff, Thomas Fugate, was injured as a result of an automobile being driven by an allegedly intoxicated person, not a party to this suit. At the time of the incident which gave rise to plaintiff's injury, plaintiff was an employee of St. Francis Hospital and was in the course of his employment. Pursuant to the Illinois Workmen's Compensation Act (Ill. Rev. Stat. 1971, ch. 48, pars. 138.1—138.28), St. Francis Hospital paid for the plaintiff's medical expenses and also made compensation payments pursuant to the act. In the dram shop complaint plaintiff-appellee, Thomas Fugate, sought damages for his personal injuries. In separate counts, plaintiff-appellee, Eva Fugate (wife of Thomas Fugate), sought damages for her loss of support. Appellant filed a petition to intervene in the suit filed by plaintiffs but the petition was denied by the court.

The only question raised on this appeal is whether St. Francis Hospital as Fugate's employer is entitled to subrogation in respect to the amounts it paid Fugate under the Workmen's Compensation Act. This issue is governed by section 5 of the Workmen's Compensation Act (Ill. Rev. Stat. 1971, ch. 48, par. 138.5).

In *Dillon v. Nathan* (1956), 10 Ill.App.2d 289, 135 N.E.2d 136, the court determined that; one, all rights of subrogation which an employer might have for payments made under the act are governed by section 5 of the Workmen's Compensation Act; two, subrogation relates only to causes of action brought by the employee or his personal representative; and three, subrogation extends only to actions asserting liability against third parties based on negligence.

Appellant on this appeal concedes that to the extent the *Dillon* case holds that subrogation is limited to actions based on the negligence of a third party, it is ample authority for the action of the trial court. In *Dillon,* the employer sought to intervene to protect his rights of subrogation in a dram shop action, as in the present case, although the action was commenced by the deceased employee's widow and daughter rather than, as in the instant case, by the injured employee and his wife. Appellant concedes the controlling effect of the *Dillon* case but insists it was decided improperly and asks us to adopt a different rule than that announced by *Dillon.*

We are disposed to follow the rules anounced in the *Dillon* case, because the legislature has not seen fit to amend or modify section 5. Under the usual rule interpreting and applying legislative intent, the failure of the legislature to so act must be deemed as approval of the interpretation and application of the act announced in the *Dillon* case. Were this a case of first impression, we might have some doubt con-

cerning the propriety of the result reached in the *Dillon* case, since we find no clear expression of legislative intent to limit subrogation to only cases involving negligence. Where an employee's injury is a result of a violation of the Scaffold Act, is the result of wilful and wanton misconduct, is caused by an unreasonably dangerous condition of a product, is based on a claim the third party is a guarantor of the employee's safety or is based on the contract, it is difficult to formulate any rational distinctions denying subrogation in such cases, but granting it where negligence is claimed.

For the foregoing reasons, the judgment of the Circuit Court of Peoria County is affirmed.

Judgment affirmed.

DIXON and SCOTT, JJ., concur.