RICHARD W. SWENDSEN, Plaintiff-Appellee, *v.* BRIGHTON BUILDING & MAINTENANCE COMPANY *et al.,* Defendants-Appellees.— (FITZSIMONS & CONNELL DREDGE & DOCK COMPANY *et al.,* Intervenors-Appellants.)

Third District No. 74-401

Opinion filed February 20, 1976.

Strodel & Associates, of Peoria (Arthur R. Kingery, of counsel), for appellants.

Westervelt, Johnson, Nicol & Keller, and Elmo E. Koos, both of Peoria (David M. Lynch, of counsel), for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal stems from an order of the circuit court of Tazewell County, made in connection with a Structural Work Act case, which denied a claim for a subrogation lien by an employer and its workmen's compensation insurer. (Ill. Rev. Stat. 1971, ch. 48, par. 138.5(b).) The trial court also made the appropriate finding that there was no just reason for delaying enforcement or appeal of this order pursuant to Supreme Court Rule 304. Ill. Rev. Stat. 1973, ch. 110A, par. 304.

Plaintiff, Richard Swendsen, filed a one-count complaint charging Brighton Building & Maintenance Company, and others, with violations of the Structural Work Act proximately resulting in personal injuries to

him. After this action was instituted, Fitzsimons & Connell Dredge & Dock Company and Liberty Mutual Insurance Company filed a petition to intervene, in order to assert their claim for a lien upon any recovery in the case and to obtain an order protecting their interests pursuant to section 5(b) of the Workmen's Compensation Act (Ill. Rev. Stat. 1971, ch. 48, par. 138.5(b)). The petition alleged that Swendsen was an employee of Fitzsimons & Connell at the time of the injury complained of, and that Fitzsimons & Connell and Liberty Mutual Insurance Company had paid or might be required to pay workmen's compensation benefits to him on account of such injury.

The defendants, relying upon *Fugate v. Urban*, 16 Ill. App. 3d 191, 305 N.E.2d 295, opposed this petition to intervene on the ground that no lien inures to the benefit of an employer, as a matter of law, who provides compensation payments when the injured employee's claim is based on a violation of the Structural Work Act and not upon negligence.

After briefing and argument, the court denied the petition to intervene. The intervenors thereafter moved to vacate the order denying leave to intervene and sought leave to file an amended petition to intervene. After a hearing, the court vacated its previous orders and granted Fitzsimons & Connell and Liberty Mutual Insurance Company leave to file their amended petition. The court allowed them to intervene, but, on the basis of defendants' previously filed motion in opposition, denied the claim for a lien and the prayer for an order protecting their interests pursuant to section 5(b) of the Workmen's Compensation Act. The intervenors appeal from this order.

The only question raised on this appeal is whether Fitzsimons & Connell as Swendsen's employer, and Liberty Mutual Insurance Company as the employer's insurer, are entitled to subrogation with respect to the payments made pursuant to the Workmen's Compensation Act. (A related question also presented by the facts is whether the intervenors are entitled to a protective order as to workmen's compensation benefits they may be required to pay.) This question is governed by section 5(b) of the Workmen's Compensation Act (Ill. Rev. Stat. 1971, ch. 48, par. 138.5), which provides in relevant part:

> "(b) Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or

his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative * * *."

In *Fugate v. Urban*, 16 Ill. App. 3d 191, 305 N.E.2d 295, we considered a similar procedural background and held, relying on *Dillon v. Nathan*, 10 Ill. App. 2d 289, 135 N.E.2d 136, that the employer was not entitled to be subrogated with respect to any workmen's compensation benefits paid to its employee. The employer in *Fugate* sought to intervene in a dram shop action brought by its injured employee and his wife.

In *Dillon*, the court determined that an employer and its insurer were not entitled to any right of subrogation, and therefore not entitled to intervene, in a dram shop action brought by the deceased employee's widow and daughter. The court reasoned that an employer making payments under the Workmen's Compensation Act could assert his rights under section 5 only in an action brought by the injured employee or his personal representative. The employer's right of intervention could not be extended, under that holding, to apply to an action commenced by the employee's widow and daughter.

To the extent that *Dillon* denied intervention on the ground that the action was not brought by the employee or his personal representative, we believe that holding is consistent with the language set forth in section 5 of the Act. *Fugate* conforms with this result to the degree that intervention was denied in respect to the action brought by the employee's wife.

But, in *Dillon*, the court went beyond this holding in construing section 5. At the time *Dillon* was decided, section 5 of the Workmen's Compensation Act also provided that the injury or death for which compensation was payable by the employer under the Act "was not proximately caused by the negligence of the employer or his employees." (Ill. Rev. Stat. 1953, ch. 48, par. 138.5.) The court concluded this language indicated that the employer's right to intervene and be subrogated applied only when the injury or death for which compensation was paid "was caused by the *negligence* of some third party." (Emphasis in original.)

We believe this construction of section 5 was unnecessary to the disposition of the case. Accordingly, on reconsideration, we reverse *Fugate* to the extent that intervention was denied the employer with respect to the employee's dram shop action.

The legislature amended section 5 in 1959 and eliminated the phrase relied upon in *Dillon.* (Ill. Rev. Stat. 1959, ch. 48, par. 138.5(b).) That amendment was in effect at the time *Fugate* was decided. An examination of the opinion in *Fugate* reveals that the court did not consider this amendment. Consequently, the intervenors contend the legislature's action indicates its disapproval of the result reached in *Dillon,* limiting subrogation to actions based on negligence.

We believe, however, that the only effect of the legislative deletion was to permit reimbursement of an employer regardless of his negligence or nonnegligence. (*Reeves v. Tepen,* 131 Ill. App. 2d 1004, 268 N.E.2d 912.) In no way can this amendment be interpreted as permitting subrogation in actions not based on negligence.

Nevertheless, we believe the statutory framework provides no support for the proposition that subrogation should be limited to actions based on negligence. As we stated in *Fugate*:

> "Where an employee's injury is a result of a violation of the Scaffold Act, is the result of wilful and wanton misconduct, is caused by an unreasonably dangerous condition of a product, is based on a claim the third party is a guarantor of the employee's safety or is based on the contract, it is difficult to formulate any rational distinctions denying subrogation in such cases, but granting it where negligence is claimed." (16 Ill. App. 3d 191, 193.)

See *Sweeney v. Matthews & Co.,* 46 Ill. 2d 64, 264 N.E.2d 170.

Defendants rely on a reference to "negligence" contained in section 5(a) of the Workmen's Compensation Act (Ill. Rev. Stat. 1971, ch. 48, par. 138.5(a).), and argue that the employer's rights under section 5(b) therefore attach only in an action based upon negligence. Section 5(a) relates to pleading and does not in any way grant or modify any substantive right of subrogation contained in section 5(b).

The result we reach encourages the avoidance of circuitous litigation by permitting all interested parties to resolve their interests in the same proceeding. By discouraging piecemeal litigation, the goal of justice is more readily achieved.

The circuit court therefore erred when it denied the intervenors claim for a lien and a prayer for an order protecting their interests pursuant to section 5(b) of the Workmen's Compensation Act. For the foregoing reasons, the order of the circuit court of Tazewell County is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

STENGEL and BARRY, JJ., concur.