THE PEOPLE *ex rel.* ILLINOIS STATE POLICE, Plaintiff-Appellant, *v.* JACK R. HAMM, Defendant-Appellee.

Second District   No. 76-537

Opinion filed March 8, 1978.

APPEAL from the Circuit Court of Lake County; the Hon. WARREN FOX, Judge, presiding.

William J. Scott, Attorney General, of Chicago (Patricia Rosen, Assistant Attorney General, of counsel), for appellant.

Ori, Tepper, Lang & Santi, of Waukegan, for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:
The State filed suit against Jack R. Hamm, alleging that Hamm had assaulted and injured John E. Richter, an Illinois State Trooper, while Richter was engaged in the performance of his official duties, and that under the provisions of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.1, et seq.) the State had thereby become obligated to pay compensation and medical expenses to Trooper Richter. The State alleged that it had expended $4,517.50 for payments required by the Workmen's Compensation Act and claimed to be subrogated to all rights of Trooper Richter under the provisions of section 5 of the Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.5(b)), and asserted that Hamm was therefore liable to the State for $4,517.50, plus costs of suit. Jack R. Hamm moved to dismiss the complaint for failure to state a cause of action in that it "is not based upon negligence under Chapter 48, Section 138.5." The trial court granted the motion and the State appeals.

The sole issue on appeal concerns the construction of section 5(b) of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.5(b)), which provides in relevant part:

"(b) Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative* * *.

\* \* \*

In the event the employee or his personal representative fails to institute a proceeding against such third person at any time prior to 3 months before such action would be barred, the employer may in his own name or in the name of the employee, or his personal representative, commence a proceeding against such other person

for the recovery of damages on account of such injury or death to the employee* * *."

Defendant Hamm contends that under this court's holding in *Dillon v. Nathan* (1956), 10 Ill. App. 2d 289, an employer is allowed to bring an action under this section only where the conduct giving rise to the employee's injury was grounded in negligence, and may not recover as subrogee of the injured employee where the wrongful conduct consists of an intentional tort.

In *Dillon v. Nathan,* this court held that an employer and its insurer were not entitled to intervene in a Dramshop action brought by the deceased employee's widow and daughter, reasoning that an employer making payments under the Workmen's Compensation Act could assert his right to intervene under section 5 only where an action was brought by an injured employee or his personal representative. However, while the case could have been disposed of on this ground alone, the court went beyond this holding. At the time of the *Dillon* decision, section 5(b) provided that legal proceedings could be brought against a third party, notwithstanding the employer's payment of compensation under the Act, "[w]here the injury or death * * * was not proximately caused by the *negligence* of the employer or his employees and was caused under circumstances creating a legal liability for damages on the part of some person other than the employer* * *." (Emphasis added.) (Ill. Rev. Stat. 1953, ch. 48, par. 138.5(b).) The court held that this language manifested a legislative intent that the employer's right to intervene and be subrogated applied only where the injury or death for which compensation was paid was the result of the *negligence* of some third party. In *Fugate v. Urban* (1973), 16 Ill. App. 3d 191, 193, the Appellate Court for the Third District, while finding "no clear expression of legislative intent to limit subrogation to only cases involving negligence," followed *Dillon* and held that an employer who had paid workmen's compensation benefits to an employee who had been injured in the course of his employment as the result of an automobile being driven by an intoxicated person, had no right to intervene in the employee's Dramshop action against the third party. *Dillon* and *Fugate* are thus supportive of defendant Hamm's position in this case.

■■■ However, after *Dillon,* the statute was amended so as to delete the above cited language in section 5(b) which the *Dillon* court relied upon in reaching its holding that an employer's right of subrogation was limited to cases wherein the employee's injuries were caused by the negligence of a third party. Further, the Appellate Court for the Third District overruled its *Fugate* holding on this particular point three years later in *Swendsen v. Brighton Building & Maintenance Co.* (1976), 35 Ill.

App. 3d 987. We are convinced that *Dillon v. Nathan* was erroneous in holding that an employer's right to subrogation under section 5(b) is limited to cases of third-party negligence. As the court noted in both *Fugate* and *Swendsen,* there is nothing in the statute supportive of the proposition that subrogation should be limited to actions based on negligence. Instead, section 5(b) is phrased broadly in terms of "injury or death * * * caused under circumstances creating a legal liability for damages on the part of some person other than * * * [the] employer." (Ill. Rev. Stat. 1975, ch. 48, par. 138.5(b).) It is clear that the ultimate responsibility for loss should be placed upon the one who wrongfully caused it and that "* * * a person who, pursuant to a legal liability, has paid for a loss or injury resulting from the negligence or wrongful act of another, will be subrogated to the rights of the injured person against such wrongdoer." (*Geneva Construction Co. v. Martin Transfer and Storage Co.* (1954), 4 Ill. 2d 273, 283.) Such a result was the obvious intent of section 5 of the Workmen's Compensation Act, and we therefore now hold that if an employer is otherwise entitled to be subrogated under the provisions of section 5(b) to the rights of an employee against a third party whose wrongful conduct caused the employee's death or injury, an action by the employer will not be barred by the fact that the third party's conduct was intentional, rather than negligent.

Accordingly, the judgment of the circuit court of Lake County dismissing the plaintiff's cause with prejudice is reversed and the cause remanded.

Reversed and remanded.

GUILD and NASH, JJ., concur.