LOUIS PORRO *et al.*, Plaintiffs-Appellees, v. M.W. POWELL COMPANY, Defendant (The Department of Mental Health and Developmental Disabilities *et al.*, Appellants).

First District (2nd Division)   No. 1—89—2245

Opinion filed December 24, 1991.

Roland W. Burris, Attorney General, of Springfield (Rosalyn Kaplan, Solicitor General, and Robert Toews, Assistant Attorney General, of Chicago, of counsel), for appellants.

Baum, Ruffolo & Marzal, Ltd., of Chicago (Richard W. Baum, of counsel), for appellees.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff, Louis Porro, received workers' compensation benefits for injuries he sustained while on defendant, M.W. Powell Co.'s (Powell's), premises. He was employed by the Illinois Department of Mental Health and Developmental Disabilities (IDMHDD) at the time of the accident. He also received disability benefits from the Illinois State Employees Retirement System (ISERS). This appeal concerns the allocation of settlement funds received from Powell in satisfaction of the IDMHDD and ISERS (collectively agencies) liens.

Louis brought suit, founded in negligence, against Powell, claiming the company's defective roof caused his injuries on April 26, 1983. Louis' wife, Ingrid, seeking consortium damages, was made an additional party plaintiff, with leave of court. A jury awarded Louis $326,120, after deducting his comparative fault. Ingrid received nothing. Louis and Ingrid then negotiated a settlement of $210,000 with Powell (not involved in this appeal) in settlement, upon waiver by Louis and Ingrid of their right to appeal the jury verdict. After the settlement, attorney fees and costs were deducted, leaving $145,419.52 to be held in a trust account pending the circuit court's adjudication of the agencies' liens.

Louis and Ingrid claimed that some of the settlement proceeds should be paid directly to Ingrid without being subject to the liens. A

personal injury specialist testified that Ingrid had a "good appeal" and one of the best loss of consortium cases he had ever seen, entitling her to 40% of the $210,000 paid in the settlement. Ingrid signed the release of Powell along with Louis.

The agencies initially contended they were entitled to 100% of the sum but later acknowledged that if Ingrid "signed the release, there must be some consideration for that. The big question is what amount ***, if any." The circuit court awarded Ingrid 40% of the amount held in trust, $145,419.52, as valuable consideration given in settlement, amounting to $58,167.81, with the agencies to be paid the remaining 60%, or $87,251.71.

## I

The agencies contend that the circuit court's allocation of funds to Ingrid was not fair and reasonable, in violation of the court's duty to protect an employer's right to reimbursement.

■ An employer has a right to reimbursement for compensation paid when an employee sustains an injury due to a third party's fault and recovers from that party. (*Freer v. Hysan Corp.* (1985), 108 Ill. 2d 421, 426, 484 N.E.2d 1076; *Continental Casualty Co. v. Sweda* (1969), 113 Ill. App. 2d 423, 427-28, 251 N.E.2d 65.) Section 5(b) of the Workers' Compensation Act (Ill. Rev. Stat. 1987, ch. 48, par. 138.5(b)) protects this right. (*Mounce v. Tri-State Motor Transit Co.* (1986), 150 Ill. App. 3d 806, 810, 502 N.E.2d 53.) Additionally, the Illinois Pension Code's adoption of section 5(b) entitles ISERS to reimbursement for such compensation made to a State employee. (Ill. Rev. Stat. 1987, ch. 108½, par. 14—129; *Mounce*, 150 Ill. App. 3d at 810; *Griffin v. Dillinger* (1983), 117 Ill. App. 3d 213, 217, 452 N.E.2d 851.) The agencies maintain that the circuit court improperly allocated 40% of the settlement to Ingrid, which should have gone to reimburse the agencies through section 5(b).

■ Louis and Ingrid argue that the section 5(b) right to reimbursement is not absolute. Our supreme court, in *Page v. Hibbard* (1987), 119 Ill. 2d 41, 47-48, 518 N.E.2d 69 (*Page*), found that section 5(b) did not attach to that portion of the settlement designated as a claim for loss of consortium. (*Page*, 119 Ill. 2d at 48.) The court reasoned that section 5(b) grants an employer a right to reimbursement for workers' compensation benefits paid to the employee; however, an employer is not required to pay compensation to a spouse for loss of consortium. Therefore, the court held, section 5(b) does not attach to the portion of the settlement proceeds designated for a spouse's loss of consortium.

The amount allocated for loss of consortium must be fair and reasonable in light of the total settlement, however. In *Blagg v. Illinois F.W.D. Truck & Equipment Co.* (1991), 143 Ill. 2d 188, 572 N.E.2d 920 (*Blagg*), the supreme court, following *Page*, articulated the rule that "[w]hen a settlement agreement allocates an award between an employee's claim for personal injuries and a spouse's claim for loss of consortium, the trial court must closely scrutinize the agreement so that an employer's rights are not abused." *Blagg*, 143 Ill. 2d at 195.

■ The agencies assert that the 40% allocation to Ingrid was not fair and reasonable in light of the fact a jury found against her loss of consortium claim. Louis and Ingrid respond that the allocation was fair and reasonable due to Ingrid's waiver of the right to appeal; her release as to any additional claims against defendant; and the expert's statement that the case would not have been settled if they both did not sign the releases. The loss of consortium claim would not be barred by the release of Louis' claim, alone. (*Blagg*, 143 Ill. 2d at 197-98; *Brown v. Metzger* (1984), 104 Ill. 2d 30, 38, 470 N.E.2d 302. See also *Hammond v. North American Asbestos Corp.* (1983), 97 Ill. 2d 195, 208-09, 454 N.E.2d 210.) Based upon these facts, Louis and Ingrid insist the circuit court did not abuse its discretion in awarding Ingrid the 40% portion of the proceeds but properly weighed the agencies' interests against Ingrid's loss of consortium claim as required by the case law. (*Blagg*, 143 Ill. 2d at 195.) The jury verdict was but one factor in determining the value of her claim, they further assert, unlike *Blagg*, there was a hearing at which the agencies were present, participated in cross-examination, had the opportunity to argue the merits and cite case law, and recovered 60% of the settlement proceeds.

In support of their contention that employer subrogation liens are not always fully honored, Louis and Ingrid cite cases in which such liens were held not to attach to settlement proceeds. (*Liberty Mutual Insurance Co. v. Lloyd Schoenheit Truck & Tractor Service, Inc.* (1989), 191 Ill. App. 3d 578, 547 N.E.2d 1272; *McDaniel v. Hoge* (1983), 120 Ill. App. 3d 913, 458 N.E.2d 1063; *Gramse v. Royal Crest Enterprises, Inc.* (1981), 100 Ill. App. 3d 100, 426 N.E.2d 614; *Dillon v. Nathan* (1956), 10 Ill. App. 2d 289, 135 N.E.2d 136, *overruled by People ex rel. Illinois State Police v. Hamm* (1978), 58 Ill. App. 3d 177, 374 N.E.2d 13.) These cases recognize the circuit court's discretion in allocating settlement funds. We follow this rule and find no abuse of discretion here.

## II

■ The agencies next contend that, under *Blagg*, the court's duty to protect an employer's lien outweighs public policy favoring settlements. The standard to consider, they state, is whether the parties would have allocated the settlement in the same manner had there not been a workers' compensation lien, relying upon the appellate court decision in *Blagg v. Illinois F.W.D. Truck & Equipment Co.* (1989), 186 Ill. App. 3d 955, 962-63, 542 N.E.2d 1294, *aff'd* (1991), 143 Ill. 2d 188. They assert here that the parties made no allocation for loss of consortium; therefore, Ingrid should receive nothing.

Prior to the instant hearings, no specific amount was assigned to Ingrid's claim. Nevertheless, Louis and Ingrid contend, receipt of money was the reason why Ingrid waived her right to appeal, that she understood she would receive compensation for her waiver. Further, despite the weight given to protection of an employer's lien, the appellate court opinion in *Blagg* stated the total amount of the lien does not need to be assured before a spouse can recover for loss of consortium. (*Blagg*, 186 Ill. App. 3d at 962.) We find the agencies' argument unpersuasive under these facts.

## III

■ Lastly, the agencies maintain that the circuit court was not cognizant of the proper standard in finding that Ingrid gave good and valuable consideration for the settlement, or good faith. The supreme court in *Blagg* requires the circuit court to scrutinize the agreement closely (*Blagg v. Illinois F.W.D. Truck & Equipment Co.* (1991), 143 Ill. 2d 188, 195, 572 N.E.2d 920) and focused upon the prohibition of settlements which circumvent the right to employer reimbursement. The court also used the words "good faith" in its final analysis. (*Blagg*, 143 Ill. 2d at 195.) The proper standard was used in the present case. The settlement allocation for loss of consortium was awarded by the circuit court after weighing all concerns, hearing all evidence presented, and finding that Ingrid deserved this amount because of the consideration she put forth.

For the foregoing reasons, we find no bases upon which to disturb the judgment here and affirm.

Affirmed.

SCARIANO, P.J., and DiVITO, J., concur.