GERTRUDE M. BART, Plaintiff-Appellant, v. UNION OIL COMPANY *et al.*, Defendants (Occidental Fire and Casualty Company of North Carolina, Intervenor-Appellee).

Third District   No. 3—91—0964

Opinion filed October 21, 1992.—Rehearing denied December 3, 1992.

Clancy & Krippner, of St. Charles (Maureen A. Hill and Wendell W. Clancy, of counsel), for appellant.

Thomas H. Fegan and Mindy Kallus, both of Johnson & Bell, Ltd., of Chicago (Michael B. Gunzburg, of counsel), for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiff-appellant, Gertrude M. Bart, appeals from a judgment in favor of the intervenor-appellee, the Occidental Fire & Casualty Company of North Carolina. The trial court held that Occidental's workers' compensation lien attached to the entire amount of a settlement obtained by Gertrude.

In 1984, Gertrude's husband, Alex Bart, was killed in an explosion at a Lemont, Illinois, refinery operated by the defendant, the Union Oil Company of California. Bart was employed by Industrial Patrol Service Corporation as a security guard at the refinery. Occidental was Industrial Patrol Service's workers' compensation carrier.

Soon after Alex Bart's death, Occidental began paying death benefits pursuant to the Illinois Workers' Compensation Act (the Act) (Ill. Rev. Stat. 1983, ch. 48, par. 138.7). Gertrude brought a personal injury and wrongful death action against Union Oil. On August 2, 1985, Occidental filed a petition to intervene in the action in order to protect its lien rights under section 5(b) of the Act (Ill. Rev. Stat. 1983, ch. 48, par. 138.5(b))).

A jury returned a verdict of $3 million in July of 1987. The trial court granted a remittitur of $1.2 million from the $2.2 million jury award for loss of love, affection and guidance. The court entered a judgment for $1.8 million.

On appeal, this court affirmed in part, reversed in part and remanded for further proceedings. (*Bart v. Union Oil Co.* (1989), 185 Ill. App. 3d 64, 540 N.E.2d 770.) We held, *inter alia*, there was no support in the record for the $700,000 verdict for conscious pain and suffering. We found there was no evidence the decedent survived the initial explosion and suffered pain prior to his death. Further, we held the record did not support the $1 million award for loss of consortium. We did not comment on the jury verdicts for loss of services ($80,000), loss of wages ($16,000) and funeral expenses ($4,000).

On remand, Gertrude filed a motion to adjudicate Occidental's lien. Prior to a hearing on this motion, a settlement agreement was reached between Gertrude and Union Oil. The settlement apparently did not allocate the proceeds among the various claims in the suit. In the order approving the settlement, the court held that pursuit to an endorsement in the workers' compensation insurance policy, Occidental had waived its right to a lien on the proceeds of the settlement.

Subsequently, this finding of waiver was vacated on Occidental's motion for reconsideration, and the cause proceeded to a hearing on adjudication of the lien. Upon the granting of the motion for reconsideration, Occidental ceased paying death benefits. Gertrude filed a motion requesting that Occidental be ordered to continue payments.

On February 13, 1991, the trial court held the lien attached to the entire amount of the settlement. The court also held it had no jurisdiction to determine Gertrude's right to future benefits in that no award or decision had been entered by the Illinois Industrial Commission. The court found the lien attached to the settlement proceeds to

the extent of the $47,449.97 in workers' compensation benefits already paid by Occidental less statutory attorney fees of $11,862.49. In a subsequent order this amount was further reduced by $3,202.28. This amount represented Occidental's share of litigation costs.

On appeal, Gertrude argues the trial court erred in finding Occidental's lien attached to the entire amount of the settlement.

Section 5(b) of the Act grants a right of reimbursement to the payor of workers' compensation benefits out of the amount received by an employee in any action brought by that employee or his personal representative equal to the amount of the workers' compensation benefits previously paid to the employee or his personal representative. (Ill. Rev. Stat. 1983, ch. 48, par. 138.5(b); *Page v. Hibbard* (1987), 119 Ill. 2d 41, 518 N.E.2d 69.) However, an action for loss of consortium is not a derivative claim brought by the spouse as the personal representative of the employee, but is an independent action to recover for injuries the spouse has suffered, such as loss of support and loss of society. (*Page v. Hibbard* (1987), 119 Ill. 2d 41, 518 N.E.2d 69.) A trial court has the authority to determine to which of several claims a settlement amount is attributable. (See *McDaniel v. Hoge* (1983), 120 Ill. App. 3d 913, 458 N.E.2d 1063; *Gramse v. Royal Crest Enterprises, Inc.* (1981), 100 Ill. App. 3d 100, 426 N.E.2d 614.) The amount allocated for loss of consortium must be fair and reasonable in light of the total settlement, and must take into account the importance of protecting the section 5(b) lien rights. *Porro v. M.W. Powell Co.* (1991), 224 Ill. App. 3d 175, 586 N.E.2d 458; *Blagg v. Illinois F.W.D. Truck & Equipment Co.* (1991), 143 Ill. 2d 188, 572 N.E.2d 920.

■ In the instant case, there was no attempt by the trial court to allocate the settlement proceeds among Gertrude's various claims. In light of this court's earlier finding on the issue of the pain and suffering claim, it is difficult to reconcile an apparent finding that the settlement amount was totally attributable to the nonconsortium claims. Nor is there any authority for such allocation. Therefore, the cause must be remanded with directions that there be a fair and reasonable apportionment among the various claims.

■ Gertrude also contends the trial court had jurisdiction to hear her motion on continuing death benefits. We note there is no dispute as to Occidental's liability or the time period over which these benefits will be paid (see Ill. Rev. Stat. 1983, ch. 48, par. 138.7). The only question is what amount of these benefits will be offset by the settlement. This depends on the determination of what portion of the settlement, if any, is subject to the lien. After this determination is made

on remand, it can then be determined when Occidental will be obligated to recommence payments to Gertrude. We see no reason why the trial court cannot declare the prospective effect of its apportionment determination. The amount of the settlement subject to the lien will be determinative of the period of time over which Occidental may suspend paying benefits.

On remand, the trial court will also review the effect, if any, its determination has on the amount of statutory attorney fees.

For the foregoing reasons, the judgment of the circuit court of Will County is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded with directions.

BARRY, P.J., and GORMAN, J., concur.