**Mark RAINS and Debby Rains,
Plaintiffs–Appellees,**

and

**Aetna Casualty & Surety Co.,
a Connecticut corporation,
Intervenor–Appellant,**

v.

**KOLBERG MANUFACTURING CORP., a
subsidiary of Portec, Inc., Defendant.**

No. 93CA1863.

Colorado Court of Appeals,
Div. III.

Oct. 20, 1994.

Rehearing Denied Nov. 17, 1994.

Certiorari Denied June 19, 1995.

Sears, Anderson & Swanson, P.C., Victoria C. Swanson, Colorado Springs, for plaintiffs-appellees.

James R. Florey, Jr., Gina Carter, Englewood, for intervenor-appellant.

Opinion by Judge KAPELKE.

Defendant, Aetna Casualty and Surety Company, appeals from the summary judgment entered by the trial court determining that Aetna had no subrogation claim to settlement proceeds to be paid by a third-party tortfeasor to Debby Rains, the wife of Mark Rains (claimant), Aetna's insured under a workers' compensation policy. We reverse and remand for further proceedings.

In October 1989, claimant suffered an industrial injury. He thereafter applied for and received workers' compensation benefits exceeding $143,000 paid by Aetna, which had issued a workers' compensation policy to claimant's employer.

In May of 1991, claimant and his wife filed a personal injury action against Kolberg Manufacturing Corporation, a machinery manufacturer. Claimant sought compensation for his injuries based upon a product liability theory, and his wife sought damages for loss of consortium. Aetna intervened in the third-party action against Kolberg, asserting a statutory subrogation interest pursuant to § 8–41–203, C.R.S. (1994 Cum. Supp.) in any proceeds of the suit to the extent of the workers' compensation benefits it had paid.

Following a settlement conference, claimant dismissed his claim against the third

party, without receiving any compensation, and his wife agreed to a structured settlement valued at $100,000 for her loss of consortium claim. Aetna was not consulted regarding the settlement, and its consent to the terms of the settlement was neither sought nor obtained. The settlement did not compromise any claim that Aetna had asserted or could assert against Kolberg.

Aetna thereafter asserted its statutory subrogation claim to the settlement proceeds being paid to claimant's wife. The parties agreed that the question of entitlement to the proceeds was solely an issue of law and submitted the issue to the trial court by cross-motions for summary judgment pursuant to C.R.C.P. 56(h). The trial court concluded that, since the claim of claimant's wife for loss of consortium was separate and distinct from claimant's personal injury claim, the settlement proceeds paid to her were not subject to subrogation.

Aetna contends that the trial court erred in holding that it has no subrogation interest in the settlement proceeds paid to claimant's wife and argues that claimant and his spouse cannot unilaterally defeat Aetna's subrogation interest by denominating the settlement proceeds as compensation for the compromise of the wife's loss of consortium. We conclude that the cause must be remanded for further proceedings.

■ Section 8–41–203 provides that if an employee injured by the negligence of a third person elects to receive workers' compensation benefits, the payment of compensation operates as an assignment to the workers' compensation carrier of the cause of action against the third party. The insurance carrier thus becomes subrogated to the rights of the injured employee against any third-party tortfeasor to the extent of the benefits paid. This statutory subrogation right extends to the settlement proceeds of a compromised claim. *Kennedy v. Industrial Commission*, 735 P.2d 891 (Colo.App.1986).

The purpose of the subrogation provision of § 8–41–203 is to adjust the rights between the injured employee and the compensation carrier and to prevent an injured employee from receiving duplicate benefits. The governmental interest in preventing double re-

coveries is significant. *Rocky Mountain General v. Simon*, 827 P.2d 629 (Colo.App. 1992).

■ Although a claim for loss of consortium is derivative for some purposes, it remains a separate and distinct cause of action that gives rise to a separate right of recovery. *See Lee v. Colorado Department of Health*, 718 P.2d 221 (Colo.1986); *Lampton v. United Services Automobile Ass'n*, 835 P.2d 532 (Colo.App.1992); § 14–2–209, C.R.S. (1987 Repl.Vol. 6B).

The benefits provided under Colorado's workers' compensation laws include medical expenses, limited vocational rehabilitation, and disability benefits. *Tate v. Industrial Claim Appeals Office*, 815 P.2d 15 (Colo. 1991). There is no provision in the workers' compensation statutes, however, for the payment of benefits to a person for loss of the society, companionship, and services of his or her spouse as the result of that spouse's work-related injury.

■ A division of this court has held that a claimant may not defeat the carrier's subrogation interest by unilaterally characterizing settlement proceeds as payment for non-economic losses not compensable under the Workers' Compensation Act. *Kennedy v. Industrial Commission, supra*. Further, when a third-party action results in a monetary recovery for work-related injuries, the employer or its carrier is entitled to subrogation credit for the amount of the recovery, even when the sum is paid to someone other than the claimant. *Rocky Mountain General v. Simon, supra*.

■ When, as here, an injured worker's spouse asserts and later compromises a separate claim not otherwise compensable under the workers' compensation scheme, it has generally been held that the carrier's subrogation right will not attach to the settlement fund. *Page v. Hibbard*, 119 Ill.2d 41, 115 Ill.Dec. 544, 518 N.E.2d 69 (1987); *see Dionne v. Libbey–Owens Ford Co.*, 621 A.2d 414 (Me.1993); *Eisner v. Hertz Corp.*, 381 Mass. 127, 407 N.E.2d 1286 (1980); *Flanigan v. Department of Labor & Industries*, 65 Wash.App. 119, 827 P.2d 1082 (1992), *aff'd*,

848

123 Wash.2d 418, 869 P.2d 14 (1994); *De-Meulenaere v. Transport Insurance Co.*, 116 Wis.2d 322, 342 N.W.2d 56 (App.1983).

The independence of an award for loss of consortium is not totally unqualified, however. For example, if the claims are litigated, a spouse's recovery for loss of consortium remains subject to reduction for the degree of comparative negligence, if any, of the employee. *Lee v. Colorado Department of Health, supra.*

We recognize, as other courts have recognized, that there is a danger that injured employees and their spouses might structure settlements with third-party tortfeasors so as to attribute a disproportionate amount of the settlement proceeds to the loss of consortium claim in order to circumvent the subrogation rights of the compensation carrier. Courts must therefore carefully scrutinize such settlements to ensure that they are entered into in good faith. *See Blagg v. F.W.D. Truck & Equipment Inc. Co.*, 143 Ill.2d 188, 157 Ill. Dec. 456, 572 N.E.2d 920 (1991); *DeMeulenaere v. Transport Insurance Co., supra; Lone v. Esco Elevators, Inc.*, 78 Mich.App. 97, 259 N.W.2d 869 (1977).

█ Since under the settlement arrangement here the claimant is dismissing his claim without any recovery while his spouse is receiving $100,000, such scrutiny of the agreement is required. However, there is no indication in the record that the trial court undertook an analysis of the fairness and reasonableness of the overall settlement, particularly in light of the need to protect statutory subrogation rights. We therefore conclude that reversal and remand are necessary in order for the trial court to determine whether the settlement was fair, reasonable, and entered into in good faith.

In considering the reasonableness of the settlement on remand, the trial court should examine the totality of the circumstances, including, but not limited to, the nature and extent of the claimed loss of consortium, the potential value of the dismissed claim, and the expectations and motivations of the settling parties.

If the court determines that any portion of the settlement amount is excessive or was allocated to the loss of consortium claim with the intent to defeat Aetna's subrogation rights, then such portion may be made subject to subrogation in favor of Aetna, subject only to plaintiffs' right to appeal that determination.

On the other hand, if the court determines that the settlement was fair, reasonable, and entered in good faith, then it may enter judgment denying Aetna any subrogation claim, subject only to Aetna's right to appeal that determination.

We reject Aetna's contention that the settlement was unlawful in its entirety because it was entered into without Aetna's consent.

Aetna had no obligation to, and did not, pay any compensation for loss of consortium. Therefore, if the settlement by claimant's spouse of her loss of consortium claim meets the test described above, Aetna's consent was not required. *See Brickell v. Business Machines, Inc.*, 817 P.2d 536 (Colo.App.1990).

We have considered Aetna's remaining arguments and find them to be implicitly rejected by our conclusion here or otherwise without merit.

Accordingly, the judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent with the views expressed in this opinion.

PLANK and JONES, JJ., concur.