Barbara AXELSON, Petitioner,

v.

PACE MEMBERSHIP WAREHOUSE, A DIVISION OF K–MART CORPORATION and The Industrial Claim Appeals Office of the State of Colorado, Respondents.

No. 95CA0561.

Colorado Court of Appeals, Div. I.

Feb. 8, 1996.

Rehearing Denied March 28, 1996.

Certiorari Granted Sept. 3, 1996.

Alexander & Ricci, William A. Alexander, Jr., Colorado Springs, for Petitioner.

Anderson, Campbell & Laugesen, P.C., John V. Fitzsimons, Denver, for Respondent Pace Membership Warehouse, A Division of K–Mart Corporation.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, John D. Baird, First Assistant Attorney General, Denver, for Respondent Industrial Claim Appeals Office.

Opinion by Judge ROTHENBERG.

Barbara J. Axelson (claimant) seeks review of a final order of the Industrial Claim Appeals Office (Panel) upholding an offset of unemployment insurance benefits taken by Pace Membership Warehouse (employer) against claimant's temporary disability benefits. She also challenges the constitutional validity of the offset provision used by employer, § 8–42–103(1)(f), C.R.S. (1995 Cum. Supp.). Because we hold that this statute, as applied, violates the equal protection requirements of the Fourteenth Amendment and Colo. Const. art. II, § 25, we set aside the Panel's order and remand the cause for further proceedings.

The parties stipulated to the material facts. Claimant sustained an admitted industrial injury in June 1990. She continued to work for employer through July 12, 1990, when she terminated her employment due to the injury.

After the termination, employer refused to pay temporary total disability (TTD) benefits. Claimant filed an administrative appeal and, after 21 months, she obtained an order from an Administrative Law Judge (ALJ) directing employer to pay the TTD benefits. During part of that period, claimant applied for and received unemployment insurance benefits totalling $8109.71.

In accordance with the ALJ's order, employer paid the TTD benefits. However, pursuant to § 8–42–103(1)(f), employer also took as an offset the amount received by claimant as unemployment benefits. The offset portion of § 8–42–103(1)(f) provides that:

[W]here it is determined that unemployment insurance benefits are payable to an employee, compensation for temporary disability shall be reduced, but not below zero, by the amount of unemployment insurance benefits received, unless the unemployment insurance amount has already been reduced by the temporary disability benefit amount and except that temporary total disability shall not be reduced by unemployment insurance benefits received pursuant to section 8–73–112.

We note that, under § 8–73–112, C.R.S. (1995 Cum.Supp.), a person separated from employment because of injury that results in TTD benefits is eligible to receive unemployment benefits for one year, after termination of the continuous period of disability, that is, *after* reaching maximum medical improvement (MMI). Claimant reached MMI in December 1992. Since she then was unemployed and remained unemployed for more than one year, under § 8–73–112, normally she would have been entitled to 52 weeks of unemployment benefits from December 1992.

However, here, claimant had applied for unemployment insurance benefits *before* the conclusion of her TTD benefits and, thus, before reaching MMI. Accordingly, it is un-

disputed that § 8–73–112 was not the source of those pre-MMI unemployment benefits.

Claimant concedes that § 8–42–103(1)(f) required the offset and precluded the Panel from awarding her full workers' compensation benefits. She recognizes that, under the statute, because she had used 40 weeks of her entitlement to unemployment benefits before reaching MMI, her award after reaching MMI was limited to 12 weeks of additional unemployment benefits.

However, she asserts that the offset of unemployment benefits against the TTD benefits under § 8–42–103(1)(f) was a violation of equal protection because those claimants who do not receive unemployment insurance benefits during their period of TTD receive full entitlement to unemployment benefits after reaching MMI, while claimants like her are denied the 52–week entitlement to such benefits. Claimant correctly notes that, if she had not claimed the unemployment benefits before reaching MMI, the employer would not have been entitled to take an offset against her TTD benefits, and she would have been entitled to a full 52 weeks of unemployment benefits after reaching MMI.

■ We begin with the presumption that the offset provision is valid, and the burden is on claimant as the challenging party to prove the invalidity of the statute. *Christie v. Coors Transportation Co.,* 919 P.2d 857 (Colo.App.1995).

■ Because the receipt of workers' compensation benefits is not a fundamental right, the rational basis test applies. *Duran v. Industrial Claim Appeals Office,* 883 P.2d 477 (Colo.1994); *Romero v. Industrial Claim Appeals Office,* 902 P.2d 896 (Colo.App.1995) (same standard applies for testing validity of statute under state constitution), *cert. granted,* August 28, 1995. Under this standard, a statutory classification that singles out a group of persons for disparate treatment must be rationally based on differences that are real and not illusory, and must be reasonably related to a legitimate state interest. *Higgs v. Western Landscaping & Sprinkler Systems, Inc.,* 804 P.2d 161 (Colo.1991).

■ We conclude that the application of this offset provision to the situation at issue violates the guarantees of equal protection because the classification created is not rationally related to the achievement of a legitimate state interest. Although the statute in itself does not create the disparate treatment complained of here, claimants and others similarly situated nevertheless are receiving less in benefits than other claimants without a rational basis for the discrepancy.

■ The purpose of the statute is to promote cost reduction and to ensure that a claimant does not receive full unemployment insurance benefits and full workers' compensation benefits during the same period of disability.

■ Cost reduction and prevention of the double recovery of benefits are legitimate state interests. *See Romero v. Industrial Claim Appeals Office, supra* (overall purpose behind 1991 amendments to Workers' Compensation Act was reduction of cost to employers in providing benefits); *Rains v. Kolberg Manufacturing Corp.,* 897 P.2d 845 (Colo.App.1994) (governmental interest in preventing double recoveries is significant). Nevertheless, these purposes cannot be achieved by arbitrarily denying benefits to one class of workers, while granting them to others. *See Higgs v. Western Landscaping & Sprinkler Systems, Inc., supra* (establishing special definition of wages under Workers' Compensation Act so as to reduce benefit costs for agricultural workers does not afford equal protection); *Romero v. Industrial Claim Appeals Office, supra* (statute disqualifying an employee age 65 or older from receiving any workers' compensation benefits for permanent total disability violated equal protection guarantees).

Importantly, no double recovery occurs when the offset provision is applied to injured workers like claimant who must rely on unemployment insurance benefits while TTD benefits are litigated. Rather, simply because of the timing of their claims, an offset of the TTD benefits by the unemployment insurance already paid, in effect, converts the pre-order unemployment benefits into TTD benefits. When this occurs, as it did here, the employer and its workers' compensation

insurance carrier receive credit for benefits paid at the expense of the injured worker.

Employer and the Panel defend the constitutionality of the provision on the ground that the offset does not compel the unfair result to which claimant objects. They argue that claimant was not required to apply for unemployment benefits during the continuance of her temporary disability. However, this argument overlooks the reality of the situation in which claimant and others similarly situated find themselves. Injured workers must have some means of subsistence during a period of TTD and they are entitled to rely on unemployment insurance benefits. Such benefits are an obvious means of survival while the employer asserts its right to contest entitlement to TTD.

We therefore hold that to deprive claimant and others similarly situated of their full entitlement to such benefits because their employers choose to contest TTD is arbitrary, capricious, and not rationally related to cost reduction or the prevention of a double recovery. As applied here, it thus offends the equal protection clause of the United States Constitution and Colo. Const. art. II, § 25. *See People v. Max,* 70 Colo. 100, 198 P. 150 (1921) (equal protection of law is included in the due process clause).

The order of the Panel is set aside, and the cause is remanded with directions to remand to the ALJ for entry of an order without application of the offset provision in § 8–42–103(1)(f).

METZGER and CRISWELL, JJ., concur.