James T. JORGENSEN and Doreen H. Jorgensen, Plaintiffs–Appellants,

v.

COLORADO COMPENSATION INSURANCE AUTHORITY, Intervenor–Appellee.

No. 97CA0210.

Colorado Court of Appeals, Div. IV.

Feb. 5, 1998.

Rehearing Denied March 19, 1998.

Certiorari Granted Nov. 23, 1998.

Dwyer, Huddleson & Ray, P.C., Stephen J. Jouard, Fort Collins, for Plaintiffs–Appellants.

Hale, Pratt, Midgley, Laitos, Green and Hackstaff, P.C., Charles M. Pratt, Denver, for Intervenor–Appellee.

Opinion by Judge NEY.

The sole issue in this appeal is whether a trial court may apportion settlement proceeds paid by a third-party tortfeasor among a workers' compensation claimant, the claimant's spouse, and the employer's insurer. We conclude that it may and, therefore, reverse the trial court order determining, without a hearing, that the Colorado Compensation Insurance Authority (CCIA) is entitled to offset any future obligation it may have for workers' compensation medical benefits to the extent of the net proceeds plaintiffs, James T. Jorgensen (claimant) and his wife, Doreen H. Jorgensen, received from the third-party tortfeasors. Accordingly, we remand the cause for further proceedings.

After sustaining a work-related injury, claimant received workers' compensation benefits from the CCIA, the employer's insurer. Also, acting pursuant to § 8–41–203(1), C.R.S.1997, claimant and his wife filed a tort claim against the third parties responsible for the injuries. The CCIA intervened in the tort claim.

Pursuant to an agreement among plaintiffs, the CCIA, and the third-party tortfeasors, plaintiffs received almost $3 million in a structured settlement, and the CCIA received $210,000. Although plaintiffs and the CCIA agreed that lost wage benefits were to be offset in full against the latter amount, there was no agreement as to the amount to be offset for the CCIA's future obligations for medical benefits. Nor was there any agreement as to the characterization of the settlement proceeds as economic damages, as opposed to non-economic damages.

Plaintiffs requested that the trial court hold an evidentiary hearing to determine what portion of their settlement was designated as payment for future medical benefits. The trial court denied the request and entered an order holding that CCIA's offset could be asserted against the net settlement.

Plaintiffs contend that the trial court erred by denying them a hearing on this issue. We agree.

The subrogation interest of a workers' compensation insurer is derived from § 8–41–203(1), which provides that if a claimant elects to receive workers' compensation,

> the payment of compensation shall operate as and be an assignment of the cause of action against such other person to the [CCIA] . . . or insurance carrier liable for the payment of such compensation. Said insurance carrier shall not be entitled to recover any sum in excess of the amount of compensation for which such carrier is liable under said articles to the injured employee, but to that extent said carrier shall be subrogated to the rights of the injured employee against said third party causing the injury.

Under this scheme, if a claimant recovers from the tortfeasor, the claimant must reimburse the insurer for any benefits paid. The insurer may also offset any portion of the recovery not used to reimburse the insurer for past benefit payments against any future benefits the insurer may have to pay. Thus, the claimant receives interim workers' compensation benefits, recovers from the tortfeasor, reimburses the insurer for the interim benefits, credits the insurer for potential future benefits, and keeps the remainder as excess damages. *Tate v. Industrial Claim Appeals Office*, 815 P.2d 15 (Colo.1991); *United Fire & Casualty Co. v. Armantrout*, 904 P.2d 1375 (Colo.App.1995).

However, this right of subrogation is not without limits. The insurer may recover only those losses compensable under the Act, and thus, the subrogation interest does not extend to damages for loss of consortium or other non-economic damages. *Rains v. Kolberg Manufacturing Corp.*, 897 P.2d 845 (Colo.App.1994)(loss of consortium); *Martinez v. Saint Joseph Hospital & Nursing Home of Del Norte, Inc.*, 878 P.2d 13 (Colo.App.1993)(non-economic damages, such as pain and suffering).

On this premise, plaintiffs argue that the trial court should determine what portion of the settlement is attributable to those losses that are not compensable under the Act. Plaintiffs rely on *Jordan v. Fonken & Stevens, P.C.*, 914 P.2d 394, 395 (Colo.App. 1995), where a division of this court rejected the notion that the Division of Labor had jurisdiction to decide the apportionment of a settlement with a third-party tortfeasor, and instead held that: "[T]his is an issue to be determined either by agreement of all interested parties or by the tribunal having jurisdiction over the claimant's tort claim."

The CCIA counters that the trial court lacks jurisdiction to enter any order other than that entered here because only the Division of Labor may determine the entitlement to, and amount of, workers' compensation benefits.

This issue highlights the difficulty in adjudicating a settlement in a tort case, over which the district courts have jurisdiction, when a workers' compensation case, which is the sole province of the Division of Labor, underlies that tort case. However, since the district court does have jurisdiction to apportion a settlement reached in a tort case, the court would not technically be determining the amount of the workers' compensation medical benefits, but rather only that portion of the settlement which represents the noneconomic losses. And, while that apportionment will indirectly affect the workers' compensation case, by limiting the amount of the proceeds subject to the subrogation interest, we conclude that it is nevertheless a proper exercise of the court's authority.

One division of this court has allowed just such an apportionment, giving relief to a workers' compensation insurer. In *Rains v. Kolberg Manufacturing Corp., supra*, a workers' compensation claimant, his wife, and the third-party tortfeasor settled a tort claim and attributed the entire settlement amount to loss of consortium. The trial court determined that the insurer had no subrogation interest in the wife's recovery for loss of consortium, since that claim was separate from her husband's claim. However, on appeal, a division of this court instructed the trial court to determine whether any portion of the settlement amount was excessive or was allocated to the loss of consortium claim with the intent to defeat the insurer's subrogation rights. If so, then the trial court could make such portion subject to subrogation in favor of the insurer.

Therefore, in *Rains*, the trial court was instructed to allocate which settlement proceeds were subject to the subrogation interest. That is precisely what plaintiffs here request, and although their case is postured differently, the *Rains*, holding is nevertheless persuasive.

We note that this decision comports with rulings of other appellate courts that have also allowed trial courts to apportion third-party settlement proceeds among a workers' compensation claimant, any dependents, and the workers' compensation insurer. See *Bart v. Union Oil Co.*, 236 Ill.App.3d 964, 177 Ill.Dec. 296, 603 N.E.2d 77 (1992)(trial court erred in determining that insurer's lien attached to entire settlement amount, without attempting to allocate settlement proceeds among widow's various claims, and remand was warranted for fair and reasonable apportionment); *Mastin v. Liberal Markets*, 674 S.W.2d 7 (Ky.1984)(trial court to decide the proper amount which should be awarded claimant's wife in damages for each of the various elements of damages specified in the release); *Tucker v. Clare Brothers Ltd.*, 196 Mich.App. 513, 493 N.W.2d 918 (1992)(trial court must conduct an evidentiary hearing to determine the damages sustained by wife, in comparison to her claimant-husband's injuries, and adjust the settlement allocation appropriately); *Brewer v. Auto–Owners Insurance Co.*, 142 Wis.2d 864, 418 N.W.2d 841 (Wis.App.1987)(where settlement proceeds were insufficient to satisfy claims of spouse and subrogated insurer, all claims must be assigned values and the proceeds distributed on pro rata basis).

On remand, the trial court should, after hearing all the evidence and considering the settlement agreement, make a fair and reasonable allocation of the settlement proceeds by determining the value of each claim and pro-rating the settlement proceeds among all claims. See *Rains v. Kolberg Manufacturing Co., supra; Bart v. Union Oil Co., supra;*

*Brewer v. Auto–Owners Insurance Co., supra.* CCIA's subrogation interest does not extend to any proceeds attributable to husband's non-economic loss or wife's loss of consortium but may attach to other proceeds. *See Martinez v. Saint Joseph Hospital & Nursing Home of Del Norte, Inc., supra.*

The order of the trial court is reversed, and the cause is remanded for further proceedings on the issue of apportionment of the settlement proceeds and CCIA's concomitant subrogation interest.

HUME and RULAND, JJ., concur.